## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JASON BROWN and ALFREDA BROWN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> IONUT M. TEMAIN, SUNNY EXPRESS, INC., ) <br> JOZSEF BALLA, CDN LOGISTICS, INC., ) <br> EXPEDITORS INTERNATIONAL, and ) <br> JOHN DOE, ) <br> ) <br> Defendants. ) | CAUSE NO.: 2:09-CV-81-TLS |

**OPINION AND ORDER**

On February 17, 2007, Plaintiff Jason Brown was driving a tractor trailer on Interstate 65 in Indiana when he collided with another tractor trailer being driven by Ionut M. Temain (Temain). On February 13, 2009, the Plaintiff sued Temain, alleging that Temain's negligent operation of the tractor trailer caused him to suffer serious, life threatening injuries. Invoking the doctrine of respondeat superior, the Plaintiff alleges that Sunny Express, Inc. (Sunny Express), Jozsef Balla (Balla), and CDN Logistic, Inc. (CDN), are vicariously liable for the damages and injuries resulting from the negligent acts of Temain. The Plaintiff also charges that Balla deliberately failed to maintain adequate liability insurance on the Sunny Express tractor trailer driven by Temain. The Plaintiff's wife, Alfreda Brown, sues the Defendants for loss of consortium.

On July 29, 2010, CDN moved for summary judgment on the Plaintiff's claims against it. CDN asserts that there is no basis for vicarious liability because Temain is not CDN's employee or agent. For the reasons set forth in this Opinion, the Court finds that the Plaintiff has failed to identify any material issues of fact that, if resolved in his favor, would support his claim that

CDN is vicariously liable for the negligent acts of Temain or of the other Defendants, and CDN is entitled to judgment as a matter of law.

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure state that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] The motion should be granted so long as no rational fact finder could return a verdict in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 249–50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* N.D. Ind. L.R. 56.1(a) (stating that the movant must provide a "Statement of Material Facts" that identifies the facts that the moving party contends are not genuinely disputed). In response, the nonmoving party cannot rest on bare pleadings alone but must use the evidentiary tools listed in Rule 56 to designate specific material facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S.

---

[1] A new version of Federal Rule of Civil Procedure 56 went into effect on December 1, 2010. The purpose of the revisions to the Rule was to improve the procedures for presenting and deciding summary judgment motions and to make the procedures more consistent with those already used in many courts. Fed. R. Civ. P. 56, Committee Notes for 2010 Amendments. The amendments are not intended to effect continuing development of the decisional law construing and applying the standard for granting summary judgment, which remains unchanged. *See* Fed. R. Civ. P. 56(a) & Committee Notes for 2010 Amendments.

at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000); N.D. Ind. L.R. 56.1(b) (directing that a response in opposition to a motion for summary judgment must include "a section labeled 'Statement of Genuine Disputes' that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary"). According to Rule 56:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, the court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *see Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Shepherd v. Slater Steels Corp.*, 168 F.3d 998, 1009 (7th Cir. 1999). *See also Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (noting the often stated proposition that "summary judgment cannot be used to resolve swearing contests between litigants"). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598–99. "Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008).

**STATEMENT OF FACTS**

A customer of Expeditors International needed a carrier to transport a load from Nashville, Tennessee, to Bensonville, Illinois. Expeditors contacted CDN to re-broker the load. In the course of its business brokering shipments, and upon notice of an available load requiring transportation, CDN would normally contact another carrier to determine if it had an available driver and tractor. For Expeditors's load, CDN contacted Balla, the owner of Sunny Express. Balla accepted the load and assigned commercially licensed driver Ionut Temain to haul it. After the load was transported, CDN would pay Sunny Express the sum according to a bill of lading and Sunny Express would, in turn, pay Temain on a per mile basis.

Temain drove exclusively for Sunny Express, drove under Sunny Express's Department of Transportation (DOT) and Motor Carrier numbers, and used Sunny Express decals and signage. CDN provided the trailer containing the freight being pulled by Temain, but Temain used his own tractor. Temain's tractor was insured by Sunny Express. Temain and Sunny Express had a contract that identified Temain as an independent contractor for Sunny Express, similar to the contract Sunny Express had with all of its drivers. Temain was required to provide Sunny Express with his log books, maintenance forms, fuel receipts, and repair receipts. Temain was not required to provide any of this information to CDN. All communication and direction to Temain about pick up and delivery of the load came from or through Balla. CDN did not have any contract with Temain, did not have him on its payroll, and did not authorize Temain to drive under its DOT number.

On February 17, 2007, Temain was transporting the brokered load when the Plaintiff, who was also driving a tractor trailer, collided with the rear end of the trailer being pulled by

Temain. The Plaintiff considers Temain's negligence, and not the condition of the trailer itself, to be the cause of the accident and his injuries.

**DISCUSSION**

"A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits." *Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) and *Jean v. Dugan*, 20 F.3d 255, 260 (7th Cir. 1994)). To prevail on a theory of negligence in Indiana a plaintiff must prove that the defendant owed him a duty, that it breached the duty, and that the plaintiff's injury was proximately caused by the breach. *Ill. Bulk Carrier, Inc. v. Jackson*, 908 N.E.2d 248, 253 (Ind. Ct. App. 2009). In his Complaint, the Plaintiff identified the doctrine of respondeat superior as a basis to hold CDN vicariously liability for the alleged negligence of Temain. Under this doctrine, a master or principal is chargeable, and liable for, any tortious act committed by his servant or agent while the servant or agent is acting within the course and scope of his employment. *Sword v. NKC Hospitals, Inc.*, 714 N.E.2d 142, 148 (Ind. 1999); *Comer-Marquardt v. A-1 Glassworks, LLC*, 806 N.E.2d 883, 887 (Ind. Ct. App. 2004). Respondeat superior liability is predicated on a principal's ability to command or control its employees' acts, *Gilbert v. Loogootee Reality, LLC*, 928 N.E.2d 625, 632 (Ind. Ct. App. 2010) (citing *Stropes by Taylor v. Heritage House Childrens Ctr. of Shelbyville, Inc.*, 547 N.E.2d 244, 253 (Ind. 1989)), and creates liability for a principal where it would otherwise not exist, *Interim Healthcare of Fort Wayne, Inc. v. Moyer*, 746 N.E.2d 429, 431 (Ind. Ct. App. 2001).

CDN argues that it cannot be held vicariously liable for Temain's alleged negligence

because Temain was not acting as CDN's employee and CDN had no control over Temain's conduct or the means he used to deliver the load. CDN relies on the ten-factor test described in the Restatement (Second) of Agency § 220 and adopted by Indiana courts to distinguish employees from independent contractors. *See Moberly v. Day*, 757 N.E.2d 1007, 1009 (Ind. 2001); *Mortgage Consultants, Inc. v. Mahaney*, 655 N.E.2d 493, 495 (Ind. 1995). This Court need not analyze the ten factors because Temain had no relationship with CDN, either as an agent or an independent contractor. "An employee is one 'employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control.'" *Guillaume v. Hall Farms, Inc.*, 914 N.E.2d 784, 789 (Ind. Ct. App. 2009) (citing *Walker v. Martin*, 887 N.E.2d 125, 131 (Ind. Ct. App. 2008) (quoting Restatement (Second) of Agency § 220(1))). An independent contractor generally controls the method and details of the task and answers to the principal only as to the results. *Guillaume*, 914 N.E.2d at 789. The evidence shows that Temain was working under contract with Sunny, Sunny paid him, gave him general direction, he reported to Sunny, and used its DOT number. There is no evidence that Temain had a contract with CDN, communication with CDN, answered to CDN, or otherwise considered himself to be CDN's employee or independent contractor. The Plaintiffs do not argue that Temain was CDN's employee or independent contractor, and does not dispute CDN's argument with respect to its lack of control over Temain.

Instead, in response to the CDN's Motion for Summary Judgment, the Plaintiffs contend that "it is an undisputed fact" that CDN negligently entrusted its trailer to Temain. (Pls.' Opposition 2, ECF No. 53.) This assertion does not align with any claim set forth in the

Complaint. The Plaintiffs did not allege in their Complaint that CDN directly breached any duty of care to them, only that it was vicariously liable, and plaintiffs cannot amend their complaint through arguments in their brief in opposition to a motion for summary judgment. *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 606 (7th Cir. 2000); *Shanahan v. City of Chi.*, 82 F.3d 776, 781 (7th Cir. 1996). Even if the Plaintiffs had properly asserted their theory of negligent entrustment by amending their Complaint, they have not used the evidentiary tools identified in Rule 56 to identify material facts in support of such a claim. The following elements are required to establish a claim of negligent entrustment: (1) an entrustment; (2) to an incapacitated person or one who is incapable of using due care; (3) with actual and specific knowledge that the person is incapacitated or incapable of using due care at the time of the entrustment; (4) proximate cause; and (5) damage. *Johnson v. Patterson*, 570 N.E.2d 93, 97 (Ind. Ct. App. 1991); *see also Frohardt v. Bassett*, 788 N.E.2d 462, 470 (Ind. Ct. App. 2003) (stating that to impose liability on the supplier of a rental truck, he must have had actual and immediate knowledge that the driver was incompetent to drive at the time of entrustment). The Plaintiff provides no citations to evidence that would support the essential elements of a negligent entrustment claim. The following argument, provided by CDN in its Reply Brief, is well taken:

> Here, there is simply no evidence—nor even an allegation—to suggest that Temain was in any way incapacitated or incapable of using due care. Further, even assuming Temain was somehow incapacitated or incapable of using due care, there is no evidence that CDN had any knowledge, much less actual and specific knowledge, of any incapacity. As such, Plaintiff's passing reference to negligent entrustment does not create an issue of fact in regard to CDN's Motion for Summary Judgment.

(Reply 2, ECF No. 55.) "A determination of negligence must be based upon probable facts, not mere guess, conjecture, surmise, possibility or speculation." *Johnson*, 570 N.E.2d at 97.

7

The Plaintiffs' second argument in opposition to granting summary judgment is that CDN, as an entity engaged in interstate commerce, had a duty under Indiana statute and federal regulations to provide insurance coverage on the trailer. The Plaintiffs charge that because CDN took an active role in providing the means of transportation for the goods it brokered and introducing the trailer into the stream of interstate commerce it should be liable for the negligence of the permissive user of the trailer. The Plaintiff does not explain how the issue of insurance coverage or a duty to carry insurance bears on CDN's liability for the duty of care Temain allegedly breached in the course of driving for Sunny. Even if CDN's insurance coverage is deficient in some manner, an issue that is not before this Court, this deficiency would not be relevant to a determination of CDN's liability for the alleged negligence of Temain, a third party over whom CDN exercised no control.[2] None of the allegations in the pleadings or the designated material facts in the record suggest that a deficiency in the trailer itself was a contributing cause of the accident. Thus, the fact that CDN introduced it into the stream of commerce is not pertinent to the issue of negligence and does not prevent summary judgment.[3]

---

[2] A separate declaratory judgment action regarding coverage issues between the insurance carriers of CDN and Sunny Express is pending in the Northern District of Indiana. *See Ill. Nat'l Ins. Co. v. Temain, et al.*, Cause No. 4:09-cv-58-JTM.

[3] The Court is aware that, under the Federal Motor Carrier Safety Regulations (FMCSR), an employee is defined to include drivers of commercial motor vehicles even if they are independent contractors. 49 C.F.R. § 390.5. However, neither Temain nor Sunny Express were CDN's employee under the FMCSR. Temain was not hired by CDN, but by Sunny Express. Sunny Express was not, by statutory definition, CDN's employee because it is not an individual. *See Jackson*, 908 N.E.2d 248, 255–56 (Ind. Ct. App. 2009) (holding that the definition of employee in FMCSR refers to an individual and must be a human being and not a corporation or other legal person); *Brown v. Truck Connections Int'l, Inc.*, 526 F. Supp. 2d 920, 924–25 (E.D. Ark. 2007) (same).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant CDN Logistics, Inc.'s Motion for Summary Judgment [ECF No. 41].

SO ORDERED on December 22, 2010.

                                                       s/ Theresa L. Springmann
                                                    THERESA L. SPRINGMANN
                                                    UNITED STATES DISTRICT COURT
                                                    FORT WAYNE DIVISION