UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JASON BROWN and ALFREDA BROWN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> IONUT M. TEMAIN, SUNNY EXPRESS, INC., ) <br> JOZSEF BALLA, CDN LOGISTICS, INC., ) <br> EXPEDITORS INTERNATIONAL, and ) <br> JOHN DOE, ) <br> ) <br> Defendants. ) | CAUSE NO.: 2:09-CV-81-TLS |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Entry of Final Judgment in Favor of Defendant CDN Logistics, Inc., [ECF No. 60], filed on January 13, 2011.

**A.    Background**

Plaintiff Jason Brown was driving a tractor trailer when he was involved in an accident with another tractor trailer being driven by Ionut M. Temain (Temain). The Plaintiff sued Temain, alleging that Temain's negligent operation of the tractor trailer caused his injuries. The Plaintiff also sued Sunny Express, Inc. (Sunny Express), Jozsef Balla (Balla), and CDN Logistic, Inc. (CDN), under a theory of respondeat superior and vicarious liability The Plaintiff's wife, Alfreda Brown, sued the Defendants for loss of consortium. On December 22, 2010, this Court granted summary judgment in favor of CDN because the Plaintiff failed to identify any material issues of fact that, if resolved in his favor, would support his claim that CDN was vicariously liable for the negligent acts of Temain or of the other Defendants. The Court held that CDN could not be held vicariously liable for Temain's actions because CDN had no relationship with

Temain, either as an agent or an independent contractor, and exercised no control over Temain. The Court also concluded that the Plaintiff did not designate any facts to support recovery under a theory of negligent entrustment.

On January 13, 2011, CDN requested that the Court certify, pursuant to Rule 54(b), that there is no just reason for delay of entry of final judgment so that is can "avoid the expense of continuing to monitor the pending case to its resolution." (Motion for Entry of Final J. in Favor of Def. CDN Logistics, Inc. ¶ 4, ECF No. 60.) At a telephonic status conference held on January 19, the other remaining parties, including the Plaintiffs, indicated that they did not object to the entry of partial final judgment.

**B.      Discussion**

Rule 54(b) permits a district court, in a case involving multiple claims or parties, to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "'Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties.'" *Lottie v. W. Am. Ins. Co.*, 408 F.3d 935, 938 (7th Cir. 2005) (quoting *Factory Mut. Ins. Co. v. Bobst Group USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004)). Rule 54(b) authorizes a district court to enter final judgment on a single claim only if that claim is separate from the claim or claims remaining for decision in the district court—separate not in the sense of arising under a different statute or legal doctrine—but in the sense of involving different facts. *Ty, Inc. v. Publ'ns Int'l Ltd.*, 292 F.3d 512, 515 (7th Cir. 2002) (explaining that, unless the facts

are different, the appellate court would have to go over the same ground when the judgment terminating the entire case is appealed); *see also Lottie*, 408 F.3d 938–39 ("We have insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court."). "If there is a great deal of factual or legal overlap between the counts, then they are considered the same claim for Rule 54(b) purposes." *Horwitz v. Alloy Auto. Co.*, 957 F.2d 1431, 1434 (7th Cir. 1992). "Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain in the district court, where 'separate' means having minimal factual overlap." *Lottie*, 408 F.3d at 939. "These requirements are designed to ensure that the claim is distinct—the sort of dispute that, but for the joinder options in the Rules of Civil Procedure, would be a stand-alone lawsuit." *Factory Mut. Ins. Co.*, 392 F.3d at 924. This rule is properly "employed only when the subjects of the partial judgment do not overlap with those ongoing in the district court." *Id.* In deciding whether the enter a Rule 54(b) judgment, a court should balance the judiciary's interest in unified review against a party's interest in immediate appeal. *Curtis-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

     This case involves multiple parties, and the Court's summary judgment order fully adjudicated all of the Plaintiff's claims against CDN. Whether Temain's negligent operation of the tractor trailer caused the Plaintiff's injuries is distinct, both factually and legally, from whether CDN is vicariously liable for Temain's tortious acts. The first claim concerns the reasonableness of Temain's operation of his tractor trailer on a specific date, and the latter has to do with the nature of the relationship between Temain and CDN. If the negligence claim goes to trial and gives rise to an appeal, the appellate court would not be required to cover the same ground that it covered for any appeal of the ruling that CDN is not vicariously liable for

3

Temain's acts. Accordingly, there is no just reason for the delay of final judgment in favor of CDN.

**C.     Conclusion**

For the foregoing reasons, the Court find that there is no just reason to delay the entry of final judgment in favor of CDN and against the Plaintiff, directs the Clerk to enter judgment, and GRANTS the Motion for Entry of Final Judgment in Favor of Defendant CDN Logistics, Inc., [ECF No. 60].

SO ORDERED on January 20, 2011.

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT
                                            FORT WAYNE DIVISION