UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JASON BROWN and ALFREDA BROWN, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>IONUT M. TEMAIN, SUNNY EXPRESS, INC., )<br>JOZSEF BALLA, CDN LOGISTICS, INC., )<br>EXPEDITORS INTERNATIONAL, and )<br>JOHN DOE, )<br>)<br>Defendants. ) | CAUSE NO.: 2:09-CV-81-TLS |

**OPINION AND ORDER**

The Plaintiffs, Jason Brown and Alfreda Brown, have moved for the Entry of Default Judgment against Defendants Ionut M. Temain, Sunny Express, Inc., and Jozsef Balla pursuant to Federal Rule of Civil Procedure 55(b).

On February 17, 2007, Plaintiff Jason Brown (Brown), who is a resident of Georgia, was driving a tractor trailer on Interstate 65 in Indiana when he collided with another tractor trailer being driven by Temain. On February 13, 2009, the Plaintiffs sued Temain, alleging that Temain's negligent operation of the tractor trailer caused Brown to suffer serious, life threatening injuries. Invoking the doctrine of respondeat superior, the Plaintiffs allege that Sunny Express and Balla are vicariously liable for the damages and injuries resulting from Temain's negligent acts. The Plaintiffs also charge that Balla deliberately failed to maintain adequate liability insurance on the Sunny Express tractor trailer driven by Temain. The Plaintiff's wife, Alfreda Brown (Alfreda), sues the Defendants for loss of consortium.

Pursuant to Federal Rule of Civil Procedure 55(a), default was entered as to Defendants Temain, Sunny Express, and Balla on June 5, 2012. The Plaintiffs now move this Court for

Judgment by Default pursuant to Federal Rule of Civil Procedure 55(b)(2) against these same Defendants. As long as a plaintiff's allegations are well-pled, default, as a general rule, "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)); *see also O' Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993). The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Under Rule 54(c), a party obtaining a default judgment in its favor is not entitled to a judgment that differs in kind from or an award that exceeds the amount demanded in the pleadings. Courts must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323.

The Plaintiffs' Complaint allegations establish that the actions and inactions of Defendants Temain, Sunny Express, and Balla were negligent and were the proximate cause of the accident that occurred on February 17, 2007, and the injuries and damages suffered by the Plaintiffs. Accordingly, they are entitled to compensatory damages.

> [T]he person injured by the negligence of another is entitled to reasonable compensation. *Kavanagh v. Butorac*, 221 N.E.2d 824, 828 (1966). Courts have said that term means such sum as would reasonably compensate the victim both for bodily injuries and for pain and suffering. *Id.* To that sum is added past, present, and future expenses reasonably necessary to the plaintiff's treatment and all financial losses suffered, or to be suffered, as a result of the inability to engage in his usual occupation. *Id.* "Compensation is the stated goal of a court when measuring damages for personal injuries." *Id.* (citation omitted). The question, as is so frequently raised in personal injury actions, is how much money reasonably compensates [victims] for their injuries and pain and suffering.

*Ritter v. Stanton*, 745 N.E.2d 828, 843 (Ind. Ct. App. 2001) (additional citation omitted).

On October 29, 2012, the Court conducted an evidentiary hearing to determine the amount of damages to award the Plaintiffs for the injuries caused by the Defendants' negligence. Both of the Plaintiffs testified at the hearing regarding the extent of Brown's injuries and the emotional and financial impact of the accident. Brown was twenty-nine years old at the time of the accident and had been married to Alfreda for ten years. They had two children between the ages of 5 and 7. Brown had a high school education and a commercial driver's license.

As a result of the collision, Brown became pinned inside the cab of his truck. He sustained multiple rib fractures, a punctured lung, a severed liver, kidney damage, and multiple internal abdominal injuries. Brown was hospitalized for about two weeks in Crown Point, Indiana, before being transferred to Indiana University, Clarion Health Partners where he spent a month undergoing additional surgeries related to his spleen, liver, and lung and receiving therapy. After Clarion discharged Brown from its care, he received treatment, including additional surgeries, at Emory University Hospital in Atlanta. Brown's weight dropped from 300 pounds before the accident to 154 pounds upon his discharge. Brown, who is 6'4" tall, currently maintains his weight at 247 pounds. Brown testified that, because a vein from his leg was grafted for use in his kidney surgery, he continues to have pain in his legs and cannot sit for more than 45 minutes to an hour. Brown's left kidney functions at 20% and his right at 50%. His doctor has advised that he will never be 100%, and that he will have to be mindful of potential problems with his blood pressure and diabetes. Brown's ability to participate in sports activities with his children is hampered, and he is unable to enjoy the fishing and hunting he did before the accident. Brown testified that he used to go out and spend time with his wife and dance, but

cannot do that anymore.

Brown testified that he is no longer able to engage in his trained occupation as a truck driver. Although he is employed, his earning capacity has been reduced by about $1,300 per week. In response to a question regarding how long he intended to remain in his employment as a truck driver, Brown testified as follows:

> Your Honor, being honest about it, I'm a country boy. I have a high school education and I had a CDL Class A driver's license. I've been married to my wife for 16 years. I have 2 kids, no kids outside my marriage, no felonies, no misdemeanors, I've served my country. I planned to stay there like 20 years and be done with it, you know, take care of my wife and kids, raise my kids right, you know, go to church, be a productive citizen, stay out of trouble, you know, get my kids through college. And it was like finally in my lifetime with regards to how I grew up, I was able to take care of my family like I wanted to, provide for them like I wanted to. You know, put back for retirement. Not having to worry about working when I was 60 or 70 years old, like my family back home in Mississippi. It was important to me. And I felt like it was taken away from me.

(Hr'g. Tr. 22–23, Oct 29, 2012.) Brown confirmed during his testimony that his intention was to work until age 65. (*Id.* 23.)

The Plaintiff's wife, Alfreda, confirmed much of her husband's testimony and provided additional details regarding events immediately after the accident, her role in his recovery, incidental expenses she incurred for loss of wages, travel, and child care, and the impact of the accident on the family.

The Plaintiffs also submitted exhibits, including photographs of Brown's tractor trailer after the accident, copies of medical bills, Brown's earnings statement, photographs of Brown's physical condition and injuries, and Alfreda's affidavit regarding incidental expenses.

The Plaintiffs have presented uncontested evidence of Brown's past medical expenses. The uncontested evidence is that Brown incurred $432,400.09 in medical bills from the three

hospitals where he received treatment.[1] He has also experienced pain and suffering, and will continue to suffer these consequences as a result of the accident. The Plaintiffs contend that an amount that is five times the medical expenses will fairly compensate Brown for his pain and suffering. The Court agrees, and will award Brown $2,162,000.45 for his past and future pain and suffering. Brown's inability to engage in his past vocation has reduced his earning capacity by $1,300 per week, and that loss will continue until he reaches age 65. The loss of income over the course of his thirty-five-year career computes to $2,275,000, assuming fifty weeks of income throughout a typical year.

Plaintiff Alfreda Brown has lost the services, society and companionship of her husband as a result of the physical injuries inflicted upon him by the Defendants. The Court finds that $500,000 is an amount that will reasonably compensate her for these losses. She also lost wages and incurred travel expenses and child care expenses in the amount of $9,157.

The Plaintiffs have each filed a Notice of Partial Waiver of Claim, asserting that they are withdrawing and waiving the claim asserted in their Complaint for Brown's future medical expenses. The Plaintiffs, during the evidentiary hearings, also moved to dismiss Defendant John Doe.

---

[1] This figure is the sum of the three hospital bills: $101,785.09 + $251,957.55 + $78,657.45 = $432,400.09. In closing argument, counsel for the Plaintiffs stated that the hospital bills totaled $511,057.54, which is exactly $78,657.45 more than the sum reached by the Court. This was the amount of the third bill, and the Court assumes that the Plaintiffs mistakenly included it in the calculation twice. The evidence submitted to the Court supports an award of medical expenses of $432,400.09.

## CONCLUSION

For the reasons stated above, the Plaintiffs' Motion for Default Judgment [ECF No. 85] is GRANTED. The Clerk will enter judgment in favor of Plaintiff Jason Brown and against Defendants Ionut M. Temain, Sunny Express, Inc., and Jozsef Balla jointly and severally in the amount of $4,869,400.54. The Clerk will enter judgment in favor of Plaintiff Alfreda Brown and against Defendants Ionut M. Temain, Sunny Express, Inc., and Jozsef Balla jointly and severally in the amount of $509,157. Defendant John Doe is dismissed.

SO ORDERED on December 7, 2012.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION